UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

|  |  |  |
|---|---|---|
| RENAL CARE GROUP INDIANA, LLC, | ) | |
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-65-TLS |
| CITY OF FORT WAYNE, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Certify Issue for Interlocutory Appeal [ECF No. 29] filed by Defendant City of Fort Wayne. The Plaintiff, Renal Care Group Indiana, LLC (RCG), filed its Response [ECF No. 33] on December 6, 2017. The City timely filed its Reply [ECF No. 34]. The matter is therefore fully briefed and ripe for review.

**FACTUAL BACKGROUND**

The following background is taken from the pleadings. The Plaintiff, a domestic corporation organized under the laws of Delaware with its principal place of business in Waltham, Massachusetts, operates a dialysis facility in Fort Wayne, Indiana. (Compl. ¶ 1, ECF No. 1.) The Defendant operates a municipal retiree health benefits plan, the City of Fort Wayne Employee Benefit Plan (Plan), which provides health care medical benefits to municipal retirees. (Answer ¶ 2, ECF No. 6.) One participant in the Defendant's Plan, the Patient,[1] received treatment at the Plaintiff's dialysis facility in Fort Wayne. (Compl. ¶ 1.) The Plan provided

---

[1] The parties have not referred to the Patient by name in the pleadings to protect patient confidentiality.

health care coverage for the Patient from March 11, 2014, through May 31, 2014. (Answer ¶ 9.) During that time period, the Defendant paid the Plaintiff directly for the dialysis services that the Patient received from the Plaintiff at an agreed rate set by an insurance network, the Parkview Signature Network. (*Id.* at ¶ 24.) On June 1, 2014, the Patient became entitled to Medicare coverage based on the Patient's end-stage renal disease (ESRD) diagnosis. (*Id.* at ¶ 25.) Because the Patient was newly eligible for Medicare, the City terminated the Patient's coverage under the Plan beginning on June 1, 2014. (*Id.* at ¶ 26.) The City admits that it "took into account the Patient's eligibility for and entitlement to Medicare and terminated coverage for the Patient so that he would no longer be covered by the Plan beginning June 1, 2014." (*Id.* at ¶ 27.)

On February 23, 2017, the Plaintiff filed a Complaint [ECF No. 1] against the City, which the City Answered [ECF No. 6] on April 3, 2017. In its Complaint, the Plaintiff brought four causes of action against the Defendant: Declaratory relief under the federal Declaratory Act (Count I) or, in the alternative, under the Indiana Uniform Declaratory Judgment Act (Count II); breach of contract (Count III); and a private cause of action under the Medicare Secondary Payer Act (Count IV). Based upon the above facts, RCG moved for Judgment on the Pleadings as to Count I [ECF No. 24]. After the parties briefed the Motion for Judgment on the Pleadings, the Court issued an Opinion and Order [ECF No. 28] granting the Motion. The City now asks the Court to certify the following issue for interlocutory appeal:

> Whether the Medicare Secondary Payer Act and the Indiana Code directly conflict and, if so, whether the Medicare Secondary Payer Act preempts the Indiana Code to the extent necessary to effectuate the Medicare Secondary Payer Act's ESRD Discrimination Prohibitions.

(Def. Mot. to Certify Issue for Interlocutory Appeal 1.)

## STANDARD OF REVIEW

Requests for interlocutory appeal are governed by 28 U.S.C. § 1292(b). Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

There are four statutory criteria for an interlocutory appeal: "[T]here must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675 (7th Cir. 2000).[2] The moving party bears the burden to satisfy each statutory factor. *Id.* Additionally, the moving party must demonstrate that exceptional circumstances justify a departure from the normal course of taking an appeal after the entry of final judgment. *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995). Further, "[t]he decision of whether to grant an interlocutory appeal is discretionary," and such relief should be granted sparingly. *Id.*

## ANALYSIS

The Defendant has asked the Court to certify the following question for interlocutory appeal:

> Whether the Medicare Secondary Payer Act and the Indiana Code directly conflict and, if so, whether the Medicare Secondary Payer Act preempts the Indiana Code

---

[2] The moving party must also file a motion under 28 U.S.C. § 1292(b) in the district court within a reasonable period of time after the district court issues the order that the moving party wishes to appeal. *Ahrenholz*, 219 F.3d at 675. The reasonable time factor is not at issue in the instant case.

to the extent necessary to effectuate the Medicare Secondary Payer Act's ESRD Discrimination Prohibitions.

(Def. Mot. to Certify Issue for Interlocutory Appeal 1.) The Defendant presents a clear issue of law. Additionally, because the Defendant's position on the issue would likely resolve the litigation, the issue of law is likely controlling. But, for the reasons that follow, the Defendant does not satisfy the remaining criteria under 28 U.S.C. § 1292(b). The reasoning is straightforward: Under the MSP Act, a group health plan cannot terminate coverage for a retiree eligible for Medicare solely based on an ESRD diagnosis until thirty months after the retiree becomes Medicare-eligible based on the ESRD diagnosis. The Defendant has not convinced the Court its position is contestable.

The Defendant argues that it did not terminate coverage for the Patient based on his ESRD diagnosis, but instead because of his Medicare-eligibility more generally. The Defendant, though, has not explained why this distinction matters. The congressional mandate is clear: Under the MSP Act, a group health plan cannot "take into account" Medicare-eligibility for a retiree who became eligible for Medicare solely based on an ESRD diagnosis until thirty months after the retiree becomes Medicare-eligible based on the ESRD diagnosis. 42 U.S.C. § 1395y(b)(1)(C)(i)–(ii). This includes terminating coverage. 42 C.F.R. § 411.108(a)(3) ("Actions by [group health plans] that constitute taking into account that an individual is entitled to Medicare on the basis of ESRD . . . include . . . [t]erminating coverage because the individual has become entitled to Medicare . . . .").

The Patient became Medicare-eligible based solely on his ESRD diagnosis, and the Defendant immediately terminated coverage. The Defendant admitted that it did so because the Patient became Medicare-eligible, and that eligibility was based on an ESRD diagnosis. (Answer

¶ 26, ECF No. 6.) The Defendant has not carried its burden to demonstrate to the Court that an "operation of state law" exception is a contestable distinction worthy of interlocutory appeal.

A party can demonstrate that an issue is contestable if either there is no controlling precedent on the issue or if there is a "substantial likelihood" that the district court's decision will be overturned on appeal. *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). While there is no controlling precedent on the issue presented, the Defendant has not shown that there is a substantial likelihood that the Court will be overturned on appeal. Indeed, the Defendant's argument centers on a provision in the Indiana Code that took effect nearly twenty-nine years ago. No case similar to the instant one has arisen in the Indiana federal courts during that time. As such, either the issue involves a narrow fact pattern that rarely arises, or all other municipal group health plans have been able to successfully navigate the interplay between the Indiana Code and the MSP Act. Maybe both scenarios are true.

Regardless, the Defendant has not shown that its reading of the interplay between the Indiana Code and the MSP Act is more likely to be adopted on appeal than the Court's reading. The Defendant is correct that the MSP Act requires close reading. *See Bio-Med. Applications of Tenn., Inc. v. Cent. States Se. & Sw. Areas Health & Welfare Fund*, 656 F.3d 277 (6th Cir. 2011) ("After engaging in a close reading of the Act's tortuous text and studying its amendment history . . . ."). The Sixth Circuit, however, focused much of its close reading on the scope of the private cause of action provided in the MSP Act. *See, e.g.*, *id.*, 656 F.3d at 297–99 (White, J., concurring).

Finally, because the Defendant's issue is not contestable, its resolution would not speed up the litigation. The Defendant has not persuaded the Court that, even if the Seventh Circuit permits the appeal, that the outcome would be different given that there is not a substantial

ground for a difference of opinion. Thus, certification of the issue for interlocutory appeal would not speed up the litigation.

## CONCLUSION

For these reasons, the Court DENIES Defendant City of Fort Wayne's Motion to Certify Issue for Interlocutory Appeal [ECF. No. 29].

SO ORDERED on January 16, 2018.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT