# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| RENAL CARE GROUP INDIANA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:17-cv-00065-TLS-SLC |
| | ) |
| CITY OF FORT WAYNE, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is the parties' Joint Motion for Entry of Stipulated Protective Order (DE 36), seeking the approval of a proposed agreed protective order (DE 36-1). Because the proposed order is inadequate in several ways, the parties' motion will be DENIED.

Federal Rule of Civil Procedure Rule 26(c) allows the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

Here, the proposed order fails to set forth narrow, demarcated categories of legitimately confidential information. It allows a party to designate as "Confidential" material that includes "proprietary information, . . . information that is competitively sensitive, [and] commercial or financial information that the party has maintained as confidential[.]" (DE 36-1 ¶ 2(b)).

However, defining the term "Confidential" by using the general terms of "confidential," "commercially sensitive," or "proprietary" is rather vague. *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order").

Second, the proposed order enables a party to designate material as Confidential if a party "in good faith deems that a reasonable basis exists for limiting dissemination of material . . . ." (DE 36-1 ¶ 2). However, the term "in good faith" is a "fudge" phrase that contributes to the vagueness of the proposed order.[1] *See Cincinnati Ins. Co.*, 178 F.3d at 944 (emphasizing that the word "believed" incorporated into the phrase "believed to contain trade secrets" is a "fudge"); *Shepard v. Humke*, No. IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (articulating that a party's attempt to qualify a "fudge" word by the phrase "in good faith" fails to sufficiently cure the deficiency).

Next, in the proposed order, a party's ability to designate material as Confidential is "not limited to" the demarcated categories. (DE 36-1 ¶ 2). In light of this language, the Court is not satisfied that the parties know what information constitutes confidential material. *See Cincinnati*

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008). *See also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Because the proposed order in this case contemplates redacted or sealed filings (DE 36-1 ¶ 7), it requires a higher level of scrutiny.

*Ins. Co.*, 178 F.3d at 946. The Seventh Circuit has repeatedly held that overly broad protective orders are invalid. *See, e.g., id.* at 945 (noting that a broad protective order granting carte blanche discretion to a party is invalid).

Yet another problem is that the parties' process for the return and destruction of confidential information, which is set forth in paragraph 13 of the proposed order, does not provide an exception for the Court. The Court does not return any documents that have been made part of the record.

Finally, to the extent that paragraphs 5 and 13 of the proposed protective order may suggest that the Court will retain jurisdiction over this matter after the termination of this suit, (DE 36-1 ¶¶ 5, 13), the order be clarified to reflect that the Court will not retain jurisdiction of any kind after resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010).

In sum, it is important to remember that "the public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 946. The Seventh Circuit has "insisted that litigation be conducted in public to the maximum extent consistent with respecting trade secrets, the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) (citations omitted).

Therefore, for the foregoing reasons, the Court DENIES the parties' Joint Motion for

3

Entry of Stipulated Protective Order. (DE 36). The parties may submit a revised stipulated protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 18th day of January 2018.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge