UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| RENAL CARE GROUP INDIANA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:17-CV-65-HAB |
| | ) | |
| CITY OF FORT WAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Currently before the Court is the parties' Supplemental Briefing in Support of Joint Motion for Vacatur (ECF No. 105), filed in response to this Court's Order entered on May 12, 2020. (ECF No. 104). While the Court remains unconvinced that vacatur would be appropriate under an exceptional circumstances analysis, it agrees with the parties that the balancing of the equities supports vacatur in this case.

The Court is in agreement with the parties as to the appropriate standard of review, at least as the motion has been re-styled. Where the parties originally requested an order vacating this Court's May 29, 2019, Opinion and Order (ECF No. 96), they now clarify that their request is "technically a Motion for an Indicative Ruling pursuant to Circuit Rule 57, Rule 12.1 of the Federal Rules of Appellate Procedure, and Rule 62.1 of the Federal Rules of Civil Procedure." (ECF No. 105 at 4). Each of those rules authorize a party to request, and a district court to issue, a ruling indicating whether it would be willing to grant a Rule 60 motion if the case was remanded. Since the requested ruling is essentially a sneak peek at what the ruling would be under circumstances where the balance of the equities test would undeniably be appropriate, this Court has little trouble accepting that the balance of the equities test should apply now. *See Marseilles Hydro Power LLC*

*v. Marseilles Land & Water Co.*, 481 F.3d 1002, 1003 (7th Cir. 2007) ("on remand the district court would not be cabined by the 'exceptional circumstances' test.").

When this Court balances the equities, it concludes that they weigh in favor of vacatur, if by the slimmest of margins. In support of vacatur, the parties identify four primary considerations. First, they note that municipalities like Fort Wayne act as stewards over the public coffers, and therefore have "a heightened need for a more tangible means of determining what burden, if any" its citizens will bear. (ECF No. 105 at 4–5) (quoting *Mayes v. City of Hammond, Ind.*, 631 F.Supp.2d 1082, 1096 (N.D. Ind. 2008)). Second, they point out the strain on public resources resulting from the current COVID-19 pandemic. (*Id*. at 6–7). Third, they argue that settlement will recognize the efforts of this Court rather than diminish them, since the orders in this case drove the parties to settlement. (*Id*. at 7–8). Finally, they submit that the public interest is served by acknowledging the efficacy of the Seventh Circuit's mandatory mediation program. (*Id*. at 8–9).

The Court is not overwhelmed by these arguments. After reading the parties' submission, the Court is left to wonder under what circumstances vacatur would ever be denied to a settling municipality, since these considerations are universal. No matter how one interprets *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18 (1994), the Supreme Court did not intend for vacatur through settlement to become *de rigueur*. The Court questions, then, the use of rationales that support every settlement as a basis for vacatur in this case.

That being said, the countervailing consideration, the preservation of precedent, should not cause a district court to stand in the way of a negotiated settlement between two represented parties. To rule otherwise would be unmitigated vanity. And, in any event, even a vacated order is available and citable for persuasive weight. *Lundsten v. Creative Comm. Living Servs., Inc.*, 2016 WL 111431, at *1 (E.D. Wis. Jan. 11, 2016). Therefore, whatever reservations the Court may have

regarding the parties proffered reasons supporting vacatur, it can articulate no compelling interest against.

For the foregoing reasons, the Court INDICATES to the parties that, on remand, it would grant a motion to vacate its May 29, 2019, Opinion and Order (ECF No. 96).

SO ORDERED on June 4, 2020.

                                                         s/ Holly A. Brady
                                                        JUDGE HOLLY A. BRADY
                                                        UNITED STATES DISTRICT COURT